DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONALD KNIGHT, | ) | C/A No. 4:07-0254-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| DONALD BAUKNECHT, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Donald Knight, ("petitioner/Knight"), filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 26, 2007, challenging the Bureau of Prisons' procedures for Residential Reentry Center (RRC) (a.k.a. Halfway House) placement and home confinement.[1] Petitioner requests that this Court order the BOP to immediately release him to a RCC/home confinement. Respondent filed a return and motion for summary judgment on June 15, 2007. Because the petitioner is proceeding pro se, he was advised on or about June 18, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the respondent's motion for summary judgment could result in dismissal of his petition. Petitioner filed a response on June 29, 2007. In their return and memorandum, respondent asserted that petitioner's "anticipated release date, with good conduct time, is September 29, 2007." (Return and memorandum, p.1). Thus, it appeared petitioner may have already been released even though he had not informed the court of a change of address. Accordingly, an Order was issued on January 22,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

2008, giving the parties ten (10) days from the date of the order to inform the court if petitioner had been released. Further, the court instructed the parties that if petitioner had been released, to inform the court within ten days of the order if the release does not render the petition moot. This Order was mailed to petitioner but was returned to the Clerk of Court's office via United States Postal Service on February 4, 2008, marked "[R]eturn to Sender, Unable to Forward" (Document #13). Petitioner has not provided the court with a change of address.

Respondent filed a response to the order on January 24, 2008, and submitted the declaration of Jenifer Grundy Hollett, Senior Attorney at the South Carolina Consolidated Legal Center. Respondent responded that petitioner was transferred from FCI Williamsburg on July 31, 2007, to the Alston Wilkes Society in Florence, South Carolina, a Residential Re-entry Center. Respondent further informed the court that petitioner was released from custody on September 29 [2], 2007, due to satisfaction of his term with credit for good conduct time and is no longer in the custody of the BOP. (See response and Declaration of Jenifer Grundy Hollett). Petitioner did not file a response.

As petitioner has been released, this petition is moot. Where petitioner attacks sentence only and not validity of conviction, expiration of sentence moots case. Lane v. Williams, 455 U.S. 624, 631 (1982). Therefore, it is recommended that this petition be dismissed as MOOT and respondent's motion for summary judgment be deemed MOOT.

---

[2] Hollett declared in her declaration that petitioner was released from the Residential Re-Entry Center on September 28, 2007, upon satisfaction of his federal sentence of incarceration, with credit for good conduct time and that petitioner is no longer in the custody of the BOP.

CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT in that petitioner has received his requested relief, he has been released from incarceration. Further, it is RECOMMENDED that respondent's motion for summary judgment (document # 6) be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 4, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**